UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDY RAMIREZ,

    Plaintiff,

    v.

ANTHONY HEDGPETH, et al.,

    Defendants.

Case No. 12-cv-00383-WHO (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff Edy Ramirez, a state prisoner proceeding pro se, filed a federal civil rights complaint under 42 U.S.C. § 1983 in which he alleges that his jailors at Salinas Valley State Prison violated his Eighth and Fourteenth Amendment rights when they suspended inmate privileges for a time. Defendants move for summary judgment (Docket No. 57) with evidence explaining and justifying their conduct, and have provided Ramirez with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc). Ramirez did not file an opposition. Because there are no material facts in dispute, defendants' motion for summary judgment is GRANTED.

## DISCUSSION

### I. Background

In the operative complaint (Docket No. 7), Ramirez alleged federal and state constitutional claims against (1) Matthew Cate, the former head of the California

1  Department of Corrections and Rehabilitation ("CDCR"), and (2) his jailors at Salinas
2  Valley State Prison, namely Anthony Hedgpeth, N. Walker, and G. Biaggini.[1]  The Court
3  previously granted the defendants' motion to dismiss Ramirez's state constitutional claims
4  and the claims against Cate, and denied the motion concerning only the federal Eighth
5  Amendment claims against the Salinas Valley jailors.  (Docket No. 49.)

      The undisputed facts of this case, which were summarized in that order of dismissal, are repeated here.  Ramirez has been held at Salinas Valley since March 2, 2010.  On January 11, 2011, two members of the Southern Hispanics gang attacked and wounded three correctional officers at Pelican Bay State Prison.  Thinking this incident could spark similar attacks on staff in other prisons, the CDCR issued a state-wide order placing all Southern Hispanic inmates on a "modified program."  During a "modified program" inmates are denied access to outside exercise, telephones, the canteen, religious services, visits, packages, and the law library.  The state-wide modified program was terminated two days later, but the CDCR directed prisons to make their own determination when to return to a "normal" program.  Based on intelligence gathered by gang investigators, Salinas Valley continued a modified program on various Southern Hispanic inmates in certain housing units through July 7, 2011.  Ramirez was affiliated with the Southern Hispanic "disruptive group."

## II.  Standard of Review

      Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

---

[1] In his original complaint, Ramirez also named as a defendant George Giurbino, the Director of the Division of Adult Institutions of the CDCR.  He omitted this defendant in his amended complaint.

1      The party moving for summary judgment bears the initial burden of identifying
2 those portions of the pleadings, discovery and affidavits which demonstrate the absence of
3 a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
4 Where the moving party will have the burden of proof on an issue at trial, it must
5 affirmatively demonstrate that no reasonable trier of fact could find other than for the
6 moving party. On an issue for which the opposing party by contrast will have the burden
7 of proof at trial, as is the case here, the moving party need only point out "that there is an
8 absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## II.   Claims

Ramirez alleges that prison officials at Salinas Valley State Prison violated his Eighth Amendment rights when in 2011 they imposed, in response to threats to correctional staff and institutional security, a modified program during which inmate privileges were suspended, including access to outdoor exercise. Defendants move for summary judgment on grounds that suspending privileges was a reasonable response to threats to institutional security.

Ramirez did not oppose the motion for summary judgment. That does not end the matter, because a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26

3

1   F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after

2   court determines that there are no material issues of fact). This is so even if the failure to

3   oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir.

4   2003). The Court may, however, grant an unopposed motion for summary judgment if the

5   movant's papers are themselves sufficient to support the motion and do not on their face

6   reveal a genuine issue of material fact. *See United States v. Real Property at Incline*

7   *Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of

8   judgment for moving party without consideration of whether motion and supporting papers

9   satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517

10  U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

11  The evidence presented by defendants supports their motion for summary judgment.
12  During January, February, March, April and May 2011, prison officials learned of many
13  threats to staff and prison security. (Defs.' Mot. for Summ. J. at 7-12.) While
14  investigations into these threats were pending, inmates were placed on a modified
15  program. (*Id.*) The security threats "implicated hundreds of inmates and investigators
16  repeatedly acquired evidence that necessitated new rounds of inmate interviews and cell
17  searches." (*Id.* at 12.) Limiting outdoor exercise aids in the investigation and quelling of
18  inmate threats because it makes it more difficult for gang members to communicate with
19  each other. (*Id.* at 14.) As investigations were completed, defendants took incremental
20  steps toward restoring inmate privileges. Ramirez's housing unit "did not begin the
21  incremental release until June 9, 2011[ ] because of the heightened security concerns"
22  there. (*Id.* at 15.)

23  The evidence shows that defendants did not impose exercise (or other) restrictions
24  wantonly. They acted reasonably in investigating threats and then took steps to restore
25  exercise privileges when possible. Defendants' evidence is sufficient to support the
26  motion and does not on its face reveal a genuine issue of material fact. *See, e.g.*, *Hayes v.*
27  *Garcia*, 461 F. Supp. 2d 1198, 1207-08 (S.D. Cal. 2006) (nine-month suspension of
28  outdoor exercise imposed in response to inmate violence did not violate the Eighth

4

1 Amendment).  Accordingly, defendants' motion for summary judgment is GRANTED in
2 favor of all defendants as to all claims.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 57) is GRANTED in favor of all defendants as to all claims.  The Clerk shall enter judgment in favor of Matthew Cate, George Giurbino, Anthony Hedgpeth, G. Biaggini, and N. Walker, terminate Docket No. 57, and close the file.

**IT IS SO ORDERED.**

**Dated:**  February 3, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

5